**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:

Julie Brown                                     )Chapter 13
                                          )
                                          )
                                          )   Case No.: 24-12737
       Debtor.                       )
                                          )

**<u>FIRST AMENDED CHAPTER 13 PLAN</u>**

**I.    Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

    ☐    The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
    ☐    The plan will seek avoidance of a lien or security interest
    ☒    The plan contains nonstandard provisions in paragraph VI

**II.    Plan Payments and Length of Plan:**  The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $ <u> 838.58    </u> (monthly) to <u>for 60 months</u> .

**III.    Plan Distribution**:  From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    **1. Priority Claims:**
    Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
    ☐    (A) Debtor's Counsel Fees $<u>                </u>
    ☐    (B) Priority Taxes (specify tax and tax year due)  <u>           </u>
    ☐    (C) Domestic Support Obligations<u> </u>
    ☒    (D) Other Priority or Administrative Expenses  <u>Debtor shall pay student loans directly and outside the plan        </u>

**2. Secured Claims–(boxes must be checked)**

☐      Pro rata OR

☐      subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

X      (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to Rocket Mortgage      $  643.28  (total amount of pre-petition arrears for the real property at 56 Woodward Dr.     .

X      Debtor shall continue to make regular post-payments directly to Rocket Mortgage who has the first mortgage   This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

     Debtor shall continue to make regular post-payments directly to TD Bank who has the second mortgage on 56 Woodward Dr.   This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

X      (B) Secured Vehicle debt (910 car claim) - Pro-rata payments to Chase for the 2021 Subaru Ascent $28620.00($23190.81 at 8.54%) in the full amount of the vehicle claim.

X      (D) Other secured debt: Debtor's wife will pay directly and outside the plan the loan with Performance Financial who holds title to the 2020 Kowalski Vulcan motorcycle

**\* Should Debtor's wife default of the payments, prospective relief from stay will automatically be granted upon notice to the Court, Trustee, Debtor, and Debtors' attorney by counsel for Performance Financial, such that the 11 U.S.C. Sec. 362 stay will be lifted and prospective relief granted pursuant to 11 U.S.C. Sec. 105(a) without further notice or hearing.**

**3. Surrender of Collateral and Co-Debtor Relief:**

[X]     (A) Debtor surrenders secured collateral to: <u>Affinity FCU who holds the title to</u>
<u>the 22 Honda Shadow motorcycle</u>     Debtor(s) abandons such property and
agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the
property and any interest in the property effective immediately on confirmation of
this Plan. Claims, if any submitted by such creditor may receive a distribution
under the Plan if such claims reflect an applicable deficiency balance remaining
following surrender.

[ ]     (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately
upon confirmation of the Plan as to surrendered property.

**4. Unsecured Claims:**

Subsequent to dividends to priority and secured creditors, dividends to allowed
non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [ ] a dividend of 100% of their allowed claim
OR [X] a pro rata dividend of:

[ ]     1. ____BIOC  OR

[X]     2. <u>$16020.00 ($267.00 x 60)</u>     Disp. Income x 60 months as calculated under
Section 1325(b), OR

[ ]     3. a pro-rata dividend from the base plan, if any.


**IV.     Leases or Executory Contracts:**  (If applicable)  The following leases or executory
contracts of the debtor will be treated as follows:<u>.</u>

**V.  Vesting of Property:**  Title to Debtor's property shall revest in the Debtor on confirmation
of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise
ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from
a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless
otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed
claimants in accordance with this Plan.

**VI.  Nonstandard Provisions:**  Any other nonstandard provision placed elsewhere in this plan is
void.

**VII. Filing Proof of Claim Required:**  A proof of claim must be filed in order to share in
distributions under the plan. A proof of claim may be filed either electronically or as paper. To
file an electronic claim, go to the website <u>www.deb.uscourts.gov</u> and click on "File a Claim" and
follow the instructions. Once the necessary information is entered the form will be automatically
generated. To obtain a claim form to file a paper claim, go to the website <u>www.uscourts.gov</u> and

Click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.


/s/Julie Brown                                           1/20/25
Debtor's Signature                                       Date


The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.


/s/ Tiffany A. Poole                                     1/20/25
Attorney for Debtor(s)                                   Date

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:     Julie Brown                              Case No:24-12737

**FIRST AMENDED PLAN ANALYSIS**

Prior: Bankruptcy (   )          Chapter 13 ( **X** )                    Date:
Estimated Length of Plan:____60____ months.  Trustee Use:
§ 341 Meeting Date: _____ Continued: _____
Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | |
|---|---|
| Total Priority Claims (Class One) | $_____ |
| Unpaid attorney's fees | $ ___ |
| Taxes | $__ |
| Other | $ __ |
| Total of Payments to Cure Defaults (Class Two) | $ 643.28 |
| Total of Payments on Secured Claims (Class Three) | $ 28620.00 |
| Total of Payments on Unsecured Claims (Class Four) | $ 16020.00 |
| **Sub-Total** | **$45283.28** |
| Total Trustee's Compensation (10% of debtor's payments) | $5031.48 |
| Total Debt and Administrative Expenses | $50314.76 |

RECONCILIATION WITH CHAPTER 7
Interest of Class Four Creditors If Chapter 7 Filed

1.      Value of Debtor's Interest in Non-exempt Property     $ _____

2.      Plus: Value of Property Recoverable Under Avoiding $ _____

3.      Less: Estimated Chapter 7 Administrative Expense     $ _____

4.      Less: Amounts Payable to Priority Creditors other
        than costs of administration                                 $ _____
5.      Equals: Estimated Amount Payable to Class 4
        Creditors if Chapter 7 Filed (if negative, enter zero)  $ _____

Estimated Dividend for Class Four Under Chapter 7         $ _____
Estimated Dividend Under Plan                                    $ _____


/s/ Tiffany  Poole_____                    /s/ Julie Brown___
Attorney for Debtor                              Debtor